IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **HARRY RONALD SEAY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:11-0296** |
| ) | |
| **E.K. CAULEY, Warden,** ) | |
| **FCI McDowell,** ) | |
| ) | |
| **Respondent.** ) | |

**MEMORANDUM OPINION AND ORDER**

On May 2, 2011, Petitioner, acting *pro se* and incarcerated at FCI McDowell, filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[1] (Document No. 1.) Essentially, Petitioner challenges the validity of his conviction imposed by the Forsyth County Superior Court located in Winston-Salem, North Carolina. Having considered Plaintiff's claims in this matter and circumstances apparent from the record of the proceedings in the Middle District of North Carolina, the undersigned has concluded that this matter should be transferred to the Middle District of North Carolina in the interest of justice pursuant to 28 U.S.C. § 1631.

**BACKGROUND**

1. Proceedings in Forsyth County, North Carolina:

On February 1, 1999, Petitioner was indicted by the Grand Jury in Forsyth County, North Carolina, of Felony Stalking. (Document No. 1-1, pp. 3 - 5.) On December 6, 1999, Petitioner pled no contest to the charge of Felony Stalking. (Id., p. 2.) The "Judgment/Order or Other Disposition"

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

indicated as follows:

> Prayer for Judgment Continued on the following Terms and Conditions:
>
> It is therefore ordered that the Defendant shall stay away from the premises of Cynthia Nordskog and Paige Poss at all times. He shall not drive past either residence unless accompanied by another responsible adult. He shall not annoy, harass, contact, spy on, or go any where near Cynthia Nordskog or Paige Poss. He shall have no contact with Cynthia NordSkog and/or Paige Poss unless in the company of another responsible adult. Defendant shall report to a physician at Center Point within 48 hours of his release and comply with any and all treatment recommendations and take all prescribed medications. The Defendant will consent to the appointment of Dennis Seay as his guardian to manage his affairs and receive any government benefits as a representative payee. The Defendant shall abide by any rules of the group home where he lives or as set by his guardian. Defendant shall be allowed holiday visitation at his parent's home in the Ardmore area under responsible adult supervision.
>
> The Defendant was informed in open court that these terms and conditions are orders of the Court and that violation of this Order subjects him to punishment as allowed by law for contempt of court.

(Id.) On June 6, 2000, the Superior Court received a sworn report alleging that Petitioner had not complied with the terms and conditions of his sentence. (Id., p. 5.) On July 31, 2000, the Superior Court determined Petitioner was in criminal contempt and ordered him to serve a 30-day sentence. (Id.) On July 20, 2009, Petitioner filed a "Motion for Appropriate Relief" alleging that his plea was involuntary because he did not know "that the PJC with conditions would be a conviction." (Id.) By Order entered on June 30, 2010, the Superior Court denied Petitioner's "Motion for Appropriate Relief." (Id., pp. 5 - 6.)

2.      Proceedings in the Middle District of North Carolina:

On January 8, 2001, Petitioner pled guilty in the United States District Court for the Middle District of North Carolina to one count of possession of a firearm in commerce by a person having been committed to a mental institution in violation of 18 U.S.C. §§ 922(g)(4) and 924(a)(2). United

States v. Seay, Case No. 1:00-cr-00348 (M.D.N.C. Aug. 20, 2001), Document No. 10. On August 20, 2001, the District Court sentenced Petitioner to a 40-month term of imprisonment, to be followed by a three-year term of supervised release. Id., Document No. 31. Petitioner filed his Notice of Appeal on August 27, 2001. Id. Document Nos. 29 - 30. On December 20, 2001, the Fourth Circuit dismissed Petitioner's appeal pursuant to Rule 42(b). Id. Document No. 39.

On September 13, 2002, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Id., Document No. 42. On August 14, 2003, the District Court denied Petitioner's Section 2255 Motion. Id., Document Nos. 57 and 58. Petitioner did not appeal the District Court's decision to the Fourth Circuit.

Petitioner was released from custody and began serving his term of supervised release on December 4, 2003. Id., Document No. 59. A "Petition for Warrant and Summons for Offender Under Supervision" was filed on September 15, 2005. Id. By Order filed on June 20, 2008, the District Court revoked Petitioner's term of supervised release and imposed a 15-month term of imprisonment to be served consecutively to the sentence "imposed in the United States District Court for the District of South Carolina." Id., Document No. 71. The District Court further ordered that Petitioner be "placed on supervised release for twenty-one (21) months under the terms and conditions previously imposed by this court to run concurrently with the supervised release term imposed in the United States District Court for the District of South Carolina." Id. Petitioner filed a Notice of Appeal on June 25, 2008. Id., Document No. 72. On October 15, 2008, the Fourth Circuit dismissed Petitioner's appeal pursuant to Rule 42(b). Id., Document No. 79.

On July 13, 2010, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody challenging the validity of the North Carolina state court

3

conviction of felony stalking. Seay v. Mitchell, Case No. 1:10-cv-0535(M.D.N.C. Aug. 23, 2010), Document No. 2. As grounds for *habeas* relief, Petitioner alleges (1) his plea agreement was entered into involuntarily and unknowingly, and (2) ineffective assistance of counsel. Id. By Order and Recommendation entered on July 13, 2010, United States Magistrate Judge Wallace W. Dixon recommended that Petitioner's Petition be dismissed for the following reasons:

> Petitioner has failed to indicate that state court remedies have been exhausted. [28 U.S.C. § 2254(b).] In fact, he states at various points that he has a motion for appropriate relief currently pending in the state courts as to one of his claims and that he has not raised his other claim in the state courts. He must exhaust his state court remedies as to any claim he wishes to bring in this court.

Id., Document No. 3. By Order entered on August 23, 2010, the District Court dismissed Petitioner's Petition without prejudice based upon his failure to exhaust. Id., Document No. 5.

3.     Proceedings in the District of South Carolina:

On April 3, 2006, Petitioner pled guilty in the United States District Court for the District of South Carolina to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). United States v. Seay, Case No. 4:06-cr-0084 (D.S.C. Sep. 18, 2007), Document No. 2, 22, and 24. On September 18, 2007, the District Court sentenced Petitioner to a 96-month term of imprisonment, to be followed by a three-year term of supervised release. Id., Document Nos. 76 and 89. Petitioner filed four Notices of Appeal. Id. Document Nos. 79, 83, 85, 92. In his appeal, Petitioner challenged the following: (1) the District Court's finding that Petitioner's North Carolina felony stalking conviction was a crime of violence justifying an enhanced offense level under U.S.S.G. § 2K2.1; (2) the District Court's admission of a threat-assessment report and testimony during the sentencing proceedings; and (3) the District Court's imposition of a sentence above the advisory Guidelines range. On January 26, 2009, the Fourth

4

Circuit denied Petitioner's appeal and affirmed the judgment of the District Court. United States v. Seay, 553 F.3d 732 (4th Cir. 2009). Petitioner's petition for writ of certiorari was denied by the United States Supreme Court on October 5, 2009. Seay v. United States, ___ U.S. ___, 130 S.Ct. 127, 175 L.Ed.2d 82 (2009).

On June 4, 2010, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. Seay v. Mitchell, Case No. 8:10-cv-01414 (D.S.C. June 26, 2010), Document No. 1. As grounds for *habeas* relief, Petitioner challenged the validity of his North Carolina state court conviction for felony stalking. Id. Petitioner further argued that his federal sentence should be reduced because his sentence was improperly enhanced based upon his North Carolina state court conviction. Id. By Report and Recommendation enter on June 15, 2010, Magistrate Judge Bruce Howe Hendricks determined as follows: (1) Section 2255 was not inadequate or ineffective to test the legality of his federal conviction; and (2) "[T]o the extent that Petitioner requests that this court vacate his North Carolina felony stalking conviction, this South Carolina United States District Court does not have the power to grant the requested relief because it lacks jurisdiction to vacate a judgment of a separate state court." Id., Document No. 9. Petitioner filed his objection on June 25, 2010. Id., Document No. 11. By Order entered on July 26, 2010, the District Court adopted Judge Hendricks' recommendation and dismissed Petitioner's Section 2241 Petition. Id., Document Nos. 13 and 14.

On October 4, 2010, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Id., Document No. 110. As grounds for *habeas* relief, Petitioner argued that his sentence was improperly enhanced based upon his 1999 North Carolina stalking conviction. Id. The United States filed a Motion for Summary Judgment on

November 5, 2010. Id., Document No. 114. On March 7, 2011, Petitioner filed a Motion to Amend requesting that he be re-sentenced without consideration of his unconstitutional felony stalking conviction. Id., Document No. 121. By Judgment Order entered on March 11, 2011, the District Court granted the United States' Motion for Summary Judgment and dismissed Petitioner's Section 2255 Motion.[2] Id., Document Nos. 122 and 123.

4. Proceedings in Southern District of West Virginia:

Petitioner filed his instant Section 2254 Petition on May 2, 2011. (Document No. 1.) As grounds for *habeas* relief, Petitioner challenges the validity of his North Carolina state court conviction for felony stalking. (Id., pp. 5 - 9.) Specifically, Petitioner alleges that his North Carolina state court conviction is invalid because his plea was entered into involuntarily and unknowingly. (Id.) Petitioner explains he pled "no contest" and received a "prayer for judgment continued with conditions." (Id., p. 6.) Petitioner alleges he was deceived by trial counsel and the prosecutor, who informed him that the above would not result in a conviction. (Id.) Petitioner states that a "deception that induces a guilty plea, renders the plea involuntary and unknowing and thus invalid under the 5th and 14th amendments to the federal constitution." (Id.) Petitioner states he filed a Motion for Appropriate Relief in Forsyth County, North Carolina, requesting that his "no contest" plea be set aside. (Id.) Petitioner indicates that Judge Spivey denied his Motion for Appropriate Relief on June

---

[2] The District Court stated as follows (*United States v. Seay*, Case No. 4:06-cr-0084, Document No. 122, p. 7.):

> As to Petitioner's assertions in his initial Petition that his 1999 North Carolina felony stalking conviction was not a "conviction," as he received only a "prayer for judgment continued," the Court finds this assertion to be without sufficient merit. A deferred judgment such as a prayer of judgment continued is a diversionary disposition that counts as a prior sentence under the Guidelines.

30, 2010. (Id., pp. 8 - 9.) Petitioner complains that "Judge Spivey's trial court order denying my M.A.R. was inadequate and prejudicial." (Id., p. 9.) Petitioner argues that this invalid North Carolina state court conviction was used to enhance his federal sentence imposed by the District of South Carolina. (Id.) Thus, Petitioner states "there is no doubt that I am in custody now because of the unconstitutional felony stalking conviction." (Id.) Accordingly, Petitioner requests the Court "vacate the unconstitutional 1999 North Carolina felony stalking conviction and resentence petitioner without considering it." (Id., p. 22.)

**DISCUSSION**

Federal *habeas* relief is available to a State prisoner under 28 U.S.C. § 2254, only if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a)(2002); See also Sargent v. Waters, 71 F.3d 158, 160 (4th Cir. 1995). Reviewing the Section 2254 Petition under the appropriate statutory authority, it is noted that the State court sentence being challenged in the instant case was imposed by Forsyth County Superior Court, located in Winston-Salem, North Carolina. Title 28 U.S.C. § 2241(d) provides as follows:[3]

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal Judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district for hearing and determination.

---

[3] By comparison, the Court notes that Section 2255 Motion must be filed in the sentencing court. *See* 28 U.S.C. § 2255("A prisoner in custody under sentence of a court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."); *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008)(stating that a Section 2255 petition is filed with the original sentencing court.)

7

Thus, this Court does not have jurisdiction to hear Petitioner's Section 2254 Petition. Although Petitioner is in custody within this district, this United States District Court is located in the State of West Virginia and Petitioner is challenging a North Carolina state court conviction.[4] See 28 U.S.C. § 2241(d); also see Rowland v. Chrones, 2009 WL 77257, n. 1 (E.D. Cal. Jan. 12, 2009)("Under 28 U.S.C. 2254, this Court does not have jurisdiction to hear claims relating to the sentencing court where Petitioner was not sentenced in this district.").

Consideration must be given to whether this matter should be dismissed or transferred to the Middle District of North Carolina. Title 28 U.S.C. § 1631 provides as follows respecting transferring civil actions:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

The Court notes that Petitioner filed a Section 2254 Petition in the Middle District of North Carolina on July 13, 2010. Seay v. Mitchell, Case No. 1:10-cv-0535(M.D.N.C. Aug. 23, 2010), Document No. 2. The Middle District of North Carolina dismissed Petitioner's Section 2254 Petition without prejudice based upon his failure to exhaust State court remedies. Id., Document No. 5. In his instant Petition, Petitioner indicates he has since exhausted his State court remedies by filing a Motion for Appropriate Relief that has been denied by the Forsyth County Superior Court.[5] The undersigned

---

[4] Even assuming that this Court does have jurisdiction, the Middle District of North Carolina would be the preferred venue because the State court records (Forsyth County Superior Court) are within that district.

[5] Throughout his Section 2254 Petition filed in the Middle District of North Carolina, Petitioner stated that Forsyth County Superior Court had not yet ruled on his Motion for Appropriate

therefore finds that Petitioner's claims in this matter are deserving of consideration by the District Court with jurisdiction (the Middle District of North Carolina), that the transfer of this matter is in the interest of justice and therefore warranted.

Accordingly, it is hereby **ORDERED** that this matter is **TRANSFERRED** to the Middle District of North Carolina pursuant to 28 U.S.C. § 1631. The Clerk is directed to **REMOVE** this matter from the Court's docket.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to Petitioner, who is acting *pro se*, and the Clerk of the Court for the United States District Court for the Middle District of North Carolina.

ENTER: May 5, 2011.

R. Clarke VanDervort
United States Magistrate Judge

---

Relief. *Seay v. Mitchell*, Case No. 1:10-cv-0535(M.D.N.C. Aug. 23, 2010), Document No. 2.